LEHAN, Judge.
We affirm the final judgment against appellants. We agree with the trial court that a sale of a restaurant business which does not include the transfer of inventory is nonetheless covered by the .Uniform Commercial Code-Bulk transfers, chapter 676, Florida Statutes (1987), hereinafter referred to as the Bulk Sales Act.
This suit was against Subco Enterprises, Inc., d/b/a Subway # 192; Ted Tavernier; and Larry and Josephine Yeager for money owed for the sale of food by plaintiff, JRB *29 Distributors, Inc., d/b/a Franco-Roma Foods, to Tavernier who had operated a sandwich shop which was then sold by Tav-ernier and Subco to the Yeagers. The final judgment contained a finding that the sale of the sandwich shop was subject to the Bulk Sales Act notwithstanding the undisputed fact that no transfer of inventory occurred as a part of the sale. Accordingly, it was adjudged that
[T]he transfer entered into by and between Larry Yeager and Josephine Yeager whereby Larry Yeager and Josephine Yeager purchased assets from Ted Tav-ernier and Subco Enterprises, Inc. shall not be effective as to the claim of the plaintiff against Ted Tavernier, individually, and Subco Enterprises, Inc. In the event the Plaintiff obtains a judgment against Ted Tavernier, individually, and Subco Enterprises, Inc., the assets purchased by Larry Yeager and Josephine Yeager shall be subject to execution to satisfy said judgment.[1]
In 1975 the Bulk Sales Act was amended to include within section 676.102(3) as “enterprises subject to this chapter” those “enterprises doing business as restaurants that are licensed by the Division of Hotels and Restaurants of the Department of Business Regulation,” as is the restaurant involved here. We conclude, as did the trial court, that the legislature intended by that amendment that sales of restaurant enterprises be covered by the act as an exception to the requirement elsewhere in the act that there be a bulk transfer of inventory incident to the sale of an enterprise in order for such a sale to be covered by the act. See Staff Analyses, Senate Judiciary Civil Committee and Senate Standing Committee on Commerce, Senate Bill 658 (1975). Our conclusion is in accord with the principle of statutory construction that the legislature is assumed to have intended a useful purpose to have been served by a statutory amendment. See Arnold v. Shumpert, 217 So.2d 116, 119 (Fla.1968).
Affirmed.
RYDER, A.C.J., and PATTERSON, J., concur.

. It was additionally adjudged "that the Plaintiff, JRB Distributors, Inc., a Florida corporation, doing business as Franco Roma Foods, shall take nothing from the Defendants, Larry Yeager and Josephine Yeager, and Larry Yeager and Josephine Yeager shall go hence without day_” This portion of the final judgment has not been appealed.